# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>vs.<br>YOLANDA GUTIERREZ-CASTRO,<br>                        Defendant. | CASE NO. 07cr677WQH<br>               11cv554WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion to vacate, correct or set aside sentence pursuant to 28 U.S.C. § 2255 filed by Defendant Yolanda Gutierrez-Castro. (ECF No. 92).

## BACKGROUND FACTS

On March 6, 2007, Defendant was detained at a Highway 86 checkpoint near Westmorland, California after an x-ray scan of her vehicle indicated an anomaly in the rooftop. Subsequent investigation revealed packaging containing 23.89 kilograms of cocaine concealed in a non-factory compartment installed in the roof of the vehicle. The wholesale value of this cocaine was approximately $315,000.00.

On June 7, 2007, Defendant was charged in a two-count superseding indictment with conspiracy to distribute 5 kilograms and more of cocaine, in violation of 21 U.S.C. §§ 841 and 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 13 at 1-3). Defendant entered a plea of not guilty.

On July 3, 2007, jury trial commenced. Defendant testified that she traveled to the

1  United States to meet with a potential real estate client and that she did not know that drugs
2  were in the vehicle. (ECF No. 76 at 78-104).
3       On July 6, 2007, the jury deliberated and returned a verdict of guilty on both counts.
4  (ECF No. 48).
5       On June 20, 2008, Defendant was sentenced to a term of imprisonment of 148 months,
6  followed by 5 years of supervised release. (ECF No. 70 at 2-3).
7       On June 25, 2008, Defendant filed a notice of appeal in the Court of Appeals for the
8  Ninth Circuit on the following grounds: 1) the trial court improperly admitted evidence of
9  Defendant's prior border crossings, 2) the trial court improperly admitted hearsay evidence and
10 expert testimony regarding drug smuggling tactics and modus operandi, 3) the mandatory
11 minimum for a drug trafficking conviction under § 841(a) is unconstitutional, 4) the trial court
12 improperly applied the sentencing guidelines, and 5) the 148 month sentence is unreasonable.
13 (ECF No. 71).
14      On July 13, 2009, the Court of Appeals affirmed the judgment of this Court on all
15 grounds. (ECF No. 86).
16      On June 9, 2010, Defendant filed a motion to vacate, set aside or correct the sentence
17 under 28 U.S.C. § 2255. (ECF No. 87).
18      On June 11, 2010, Defendant moved to dismiss and withdraw her § 2255 motion,
19 stating that she "received a requested treaty transfer, which allows her to be transferred to a
20 prisoner [sic] in Mexico." (ECF No. 89).
21      On June 17, 2010, the Court granted Defendant's motion to withdraw her § 2255 motion
22 without prejudice. (ECF No. 90).
23      On March 18, 2011, Defendant filed the § 2255 motion now pending before the Court.
24 (ECF No. 92).
25                            **CONTENTIONS OF PARTIES**
26      Defendant moves the Court to vacate, set aside, or correct her sentence on the following
27 grounds: 1) trial counsel rendered ineffective assistance by failing to "investigate known
28 defenses and present these defenses at trial," 2) trial counsel failed to object to prejudicial

1 statements and evidence introduced at trial, and 3) appellate counsel rendered ineffective
2 assistance of counsel by failing to raise the ineffectiveness of trial counsel. (ECF No. 92 at 5-
3 9). Plaintiff United States contends that the motion to vacate should be dismissed as untimely.
4 (ECF No. 95 at 9-12). Plaintiff further contends that Defendant's motion is without merit on
5 the grounds that her trial and appellate counsel "performed well within the range of
6 professional competence." *Id.* at 12.

## ANALYSIS

28 U.S.C. § 2255 provides:

> A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of facts and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(a) and (b).

1) <u>Statute of Limitations</u>

A "1-year period of limitations" applies to a § 2255 motion. 28 U.S.C. § 2255(f). The limitation period begins to run on "the date on which the judgment of conviction becomes final." *Id.* In the context of a habeas corpus review, a conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky,* 479 U.S. 314, 321, 107 S.Ct. 708, 712 n. 6 (1987). Petitioner has 90 days after the Court of Appeals renders judgment to petition the United States Supreme Court for certiorari. *See* Sup.Ct. R. 13.

In this case, the Court of Appeals for the Ninth Circuit affirmed the judgment of the district court on July 13, 2009. Defendant's deadline for filing a petition for certiorari was October 11, 2009. The § 2255 statute of limitations in this case expired on October 11, 2010, one year after the judgment of conviction became final, and prior to March 18, 2011, when Defendant filed her motion.

Equitable tolling applies to a § 2255 motion only when Defendant can establish an "extraordinary circumstance beyond her control that made it impossible for her to file her motion within the appropriate time period." *United States v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001) (equitable tolling not appropriate where petitioner delayed filing § 2255 motion because she believed that her "sentence might be reduced under Rule 35 of the Federal Rules of Criminal Procedure").

In this case, Defendant does not state, and this Court cannot infer, any extraordinary circumstance beyond her control that prevented her from filing the § 2255 motion by October 11, 2010. Defendant initially filed her motion on June 9, 2010, within the statute of limitations period. Defendant moved to withdraw her motion two days later stating that she "received a requested treaty transfer, which allows her to be transferred to a prisoner [sic] in Mexico." ECF No. 89. The Court granted her motion without prejudice.[1] (ECF No. 90).

Defendant has not shown any extraordinary circumstance that prevented her from filing her motion in a timely manner. Equitable tolling is not appropriate and her petition is barred by the statute of limitations.

2) <u>Merits of Defendant's § 2255 Motion</u>

Even if Defendant's § 2255 motion was not time-barred, Petitioner has made no showing that trial counsel or appellate counsel was ineffective.

In order to prevail on a claim of ineffective assistance of counsel, Defendant must show that the performance of defense counsel fell below an "objective standard of reasonableness"

---

[1] This Court was not obligated to advise Defendant regarding the statute of limitation period. *See Pliler v. Ford*, 542 U.S. 225, 226, 124 S.Ct. 2441, 2447 (2004) (district court not required to advise *pro se* defendant about statute of limitation period before dismissing a mixed habeas corpus petition challenging a state court judgment).

1 and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466
2 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).

3 Deficient performance is measured by the standard of "reasonably effective assistance."
4 *Id.* Court applies a "strong presumption that counsel's conduct falls within the wide range of
5 reasonable professional assistance ..." *Id.* at 689. "It is all too tempting for a defendant to
6 second-guess counsel's assistance after conviction or adverse sentence ..." *Id.* at 690. "The
7 relevant inquiry under *Strickland* is not what defense counsel could have pursued, but rather
8 whether the choices made by defense counsel were reasonable." *Siripongs v. Calderon*, 133
9 F.3d 732, 736 (9th Cir. 1998). Counsel is ineffective where an attorney "neither conducted a
10 reasonable investigation nor made a showing of strategic reasons for failing to do so." *Sanders
11 v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994) (citing *Hendricks v. Vasquez*, 974 F.2d 1099,
12 1109 (9th Cir. 1992)).

13 In this case, Defendant contends that trial counsel provided ineffective assistance by
14 failing to call Tito to testify at trial. Defendant asserts that she spoke with Tito on the
15 telephone regarding a real estate listing during her drive to the United States, and that he was
16 not a co-conspirator as the government alleged at trial. Defendant asserted at trial that she was
17 used by other co-conspirators to transport drugs without her knowledge. The Court concludes
18 that it was reasonable for defense counsel to employ a strategy implying that Defendant was
19 set up by others and not to call Tito as a witness. There is no indication in the record that Tito
20 was available as a witness or that Tito would have testified favorably.

21 Defendant also contends that her trial counsel was ineffective for failing to challenge
22 the introduction of telephone calls between herself and Tito, which were offered by the
23 government to prove a conspiracy. The record shows that her counsel challenged the
24 admission and relevance of the telephone calls between Defendant and Tito in a pretrial motion
25 (ECF No. 77 at 25-34), in the opening statement (ECF No. 79 at 127-131), in the closing
26 argument (ECF No. 81 at 93-95) and in direct examination of Defendant (ECF No. 76 at 88-
27 92). These objections, arguments and lines of questioning indicate that her counsel diligently
28 challenged evidence presented by the government that was offered to prove the conspiracy

1  charge. *Strickland,* 466 U.S. at 687.

2  The Court concludes Defendant's ineffective assistance of trial counsel claims are
3  without merit and that appellate counsel acted reasonably in not raising these same issues on
4  direct appeal. The Court finds that there were no deficiencies in the performance of trial
5  counsel or appellate counsel.

## CONCLUSION

7  IT IS HEREBY ORDERED that the motion to vacate, correct or set aside sentence
8  pursuant to 28 U.S.C. § 2255 filed by Defendant Yolanda Gutierrez-Castro (ECF No. 92) is
9  denied.

10  DATED: September 29, 2011

**WILLIAM Q. HAYES**
United States District Judge